**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DIANE LEMONS**                                                                   **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.: 4:21-cv-00011-DMB-JMV**

**LIGHTHOUSE POINT, LLC d/b/a
TROPICANA GREENVILLE**                                       **DEFENDANTS**

## COMPLAINT

**COMES NOW**, Plaintiff, **DIANE LEMONS**, [hereinafter "Plaintiff"], and files this her complaint against Defendant, **LIGHTHOUSE POINT, LLC /TROPICANA GREENVILLE** [hereinafter "Defendant"], and in support thereof states as follows, to wit:

### I. JURISDICTION AND VENUE

1. That this is a civil action to recover monetary damages for personal injuries of DIANE LEMONS, pursuant to 28 U.S. Code § 1332, complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a resident of Bolivar County, State of Mississippi and Defendant is a corporation with its headquarters in Reno, Nevada. The amount in controversy exceeds $75,000.00, the Northern District of Mississippi of the United States Federal Court has subject matter over this cause of action.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(a), as Defendant obtained, purchased and used the applicable insurance policy that forms the basis of this lawsuit in this Federal District of Mississippi, at all relevant times, Plaintiff resided/conducted business within this District, the actions and/or inaction sued upon occurred in this District, the property at

issue herein was at all pertinent times located in this District, and the damage to her person at issue herein, occurred in this District.

Complete diversity exists in this case because none of the properly joined Defendants are citizens of the same state as Plaintiffs. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996). Additionally, the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and cost. 28 U.S.C. § 1332(a). Therefore, the United States District Court for the Northern District of Mississippi, Greenville Division has jurisdiction over this action. 28 U.S.C. § 1332.

## II. PARTIES

3. Plaintiff, **DIANE LEMONS**, is an adult resident citizen of Mississippi, residing in Cleveland, Bolivar County, Mississippi.

4. Defendant, **LIGHTHOUSE POINT, LLC /TROPICANA GREENVILLE**, is foreign business who is incorporated in the state of Mississippi, and whose principal place of business is 100 W. Liberty St. 12th Floor, Reno, Washoe County, Nevada. **LIGHTHOUSE POINT, LLC /TROPICANA GREENVILLE**, is a corporate citizen of Nevada. Defendant's Casino, Tropicana Greenville that is subject to this litigation is located at 199 N Lakefront Rd, Greenville, MS 38701. Process may be served by serving a copy of this Complaint and Summons on its "registered agent", C T Corporation Systems at 645 Lakeland East Drive, Suite 101 in Flowood, Mississippi 39232.

### III. BACKGROUND FACTS

5. On or about, *Monday, December 10, 2018*, Plaintiff was a patron at Defendant's Casino, Tropicana Greenville, where she was a restaurant patron for said Defendant's economic benefit.

6. That Plaintiff entered the dining area to be seated. As Plaintiff began to sit, she placed her hand on the table in front of her, when suddenly and without warning, the leg of the table dropped into a deep hole in the floor, causing Plaintiff to fall, striking her head and face, severely injuring her shoulder by tearing her rotator cuff, and sustaining multiple injuries.

7. Defendant created and/or was on notice of the hazardous condition and failed to warn Plaintiff thereof. That as a result, Plaintiff suffered serious bodily injury resulting in pain and suffering, expense of medical care, surgery, and extensive treatment.

### IV. CLAIMS

8. Defendant has a duty to maintain its business premises in a reasonably safe condition, a duty to take steps reasonably calculated to remove the aforesaid and dangerous condition, and a duty to warn it business invites of the aforesaid dangerous and hazardous conditions.

9. Defendant breached its duties delineated hereinabove proximately causing Plaintiff to suffer bodily injury resulting in pain and suffering, expense of medical care, the need for surgery, and the pain of extensive treatment.

### V. NEGLIGENCE

10. Defendant negligently failed to warn individuals such as Plaintiff of the hazardous and dangerous condition which then and there existed, which was known or should have been known by Defendant. Said negligence on the part of Defendant was the sole, proximate, and

immediate cause of the accident and the resulting injuries to Plaintiff. As a further direct and proximate cause of Defendant's disregard for Plaintiff's safety and well-being and other negligent acts, Plaintiff suffered bodily injuries and incurred monetary damages.

11. Defendant negligently failed to maintain and/or repair their restaurant floor and surface areas in a reasonably safe condition.

12. Defendant committed other actions of negligence to be shown at trial which may be learned through discovery.

## IV. DAMAGES

13. Plaintiff's damages are permanent and/or continuing and Plaintiff will suffer losses in the future.  Plaintiff's damages are:

a. past, present and future medical expenses;

b. past, present and future physical pain, and suffering;

c. past, present and future mental and emotional distress;

d. inconvenience and discomfort

e. permanent impairment, for lost wages and loss of wage-earning capacity; and

f. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

## VI. DEMAND FOR RELIEF

14. Plaintiff prays for the following relief:

1) Trial by jury;

2) Judgment for Plaintiff and against Defendant; and

3) An award of damages which will fully and fairly compensate Plaintiff for severe personal injuries; past, present, and future pain and suffering; past, present future medical expenses and cost; lost earning capacity; and

4) Such other and further relief deemed just and proper in the premises.

## VII. ATTORNEY'S FEES

15. Defendant's conduct as described in this Complaint and the resulting damages and losses to Plaintiff has necessitated Plaintiff retaining the attorney whose name is subscribed to this Complaint. Plaintiff is therefore, entitled to recover from Defendant as additional sum to compensate Plaintiff for a reasonable fee for such attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED** Plaintiff requests that on final trial, Plaintiff have the following:

a. Judgment against Defendant for actual and consequential damages as enumerated in the preceding pleadings;

b. Pre and post judgment interest as provided by law;

c. Attorney's fees;

d. Costs of suit; and

e. Such other further relief to which Plaintiff may show herself justly entitled.

**RESPECTFULLY SUBMITTED,** this the 5th day of February 2021.

BY: *Daniel E. Morris*

**DANIEL E MORRIS, MSB# 102723**
*Attorney for Plaintiff*

5

**OF COUNSEL:**

**DANIEL E. MORRIS LAW FIRM, PLLC.**
P.O. BOX 40811
BATON ROUGE, LA. 70835
P: (888) 966-7747
F: (877) 966-7747
E: danielmorris@demlawfirm.com
genara@demlawfirm.com