IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DIANE LEMONS**                                                                                              **PLAINTIFF**

**v.**                                                                        **NO.: 4:21-cv-00011-DMB-JMV**

**LIGHTHOUSE POINT, LLC**
**d/b/a TROPICANA GREENVILLE**                                                **DEFENDANT**

**ORDER**

Before the court is the Defendant's Motion to Take Expert's Deposition Outside of Discovery Deadline. [45]. Having considered the matter, the motion is granted as modified below.

On July 23, 2021, the Court entered a Case Management Order which set a discovery deadline of January 24, 2022. On January 19, 2022, the Defendant filed in the instant motion to request thirty (30) additional days to take the deposition of Shonda Pearl, a nurse practitioner, regarding her treatment of the Plaintiff. [45]. The Plaintiff opposed the Defendant's motion citing that the Plaintiff "will be prejudiced if relief is granted to Defendant for any date that would cause a material change to the settlement conference." *See* Pl.'s Opp'n at 1. [46]. The Defendant argues that the deposition of Shonda Pearl is for "trial purposes" and "will have no effect on the settlement conference in this case." *See* Def.'s Reply at 1. [48].

The Federal Rules of Civil Procedure require that a motion to amend the case management order be supported by "good cause." FED. R. CIV. P. 16(b)(4). The factors used to determine good cause are: (1) the explanation for failure to conform to the scheduling order; (2) the importance of the proposed modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F. 3d 541 (5th Cir. 2003).

Here, the Defendant argues that good cause exists by: (1) citing attempts to schedule the deposition before the discovery deadline and set forth reasons why the attempts were ultimately unsuccessful; and (2) arguing that the deposition of Shonda Pearl will have no effect on the settlement conference in this case, her testimony is not necessary to evaluate a settlement. *See* Def.'s Reply. On the other hand, the Plaintiff has not demonstrated how the deposition will cause a "material change" to the settlement conference. Additionally, the Shona Pearl's deposition will not necessitate movement of the dispositive motion deadline nor the trial date. The court also notes that the Plaintiff was previously granted an extension of a discovery deadline. *See* Order. [40]. In short, the court finds that there is good cause and no demonstration of prejudice in granting the Defendant's motion.

However, being mindful of the existing case management deadlines, motion is granted as modified and the Defendant is granted until February 19, 2022, to conduct the deposition of Shonda Pearl and the *Daubert* motions are now due March 1, 2022.

**SO ORDERED**, this, the 25th day of January, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**